# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

In the Matter of:                                }
                                                 }
CAFFEY ENTERPRISES, LLC                          }    CASE NO. 09-83573-JAC-11
EIN:    63-1257345                               }
                                                 }    CHAPTER  11
                              Debtor(s).          }

## MEMORANDUM OPINION

This case came before the Court on motion filed by Regions Bank to dismiss for cause the above styled case pursuant to 11 U.S.C. § 1112(b) as having been filed in bad faith in order to impair the lender's pending judicial foreclosure proceeding.  In the alternative, Regions seeks an order granting lender immediate relief from the stay pursuant to § 362(d)(1).  The hearing in this matter was held on the 21st day of December, 2009. After consideration of the evidence, the Court finds, that the motion to dismiss is due to be granted.

## BACKGROUND

On or about June 8, 2000, Regions made a loan to the debtor in the principal amount of $180,000.00.  The note dated June 8, 2000 was renewed multiple times with the last renewal note dated November 2, 2006 in the principal amount of $167,624.59 (hereinafter "Note I").  To secure Note I, the debtor granted Regions a security interest in property located at 3918 and 3920 Meridian Street, Huntsville, Alabama, recorded in the Office of the Judge of Probate of Madison County, Alabama at Book 2670, Page 0612.[1]  On May 20, 2007, Note I matured pursuant to the terms of the note.

---

[1]        *See* Affidavit of E.T. Hutton, II ¶ 5.

On or about September 28, 2003, Regions made another loan to the debtor in the principal amount of $55,000.00 secured by property located on Whitney Avenue in Huntsville, Alabama together with the Meridian Street property and a 2001 Jaguar S. Type 3 (hereinafter "Note II").[2] On October 13, 2008, Note II matured by its own terms.

Both loans are cross-collateralized. Regions asserts that the debtor last made a payment on the indebtedness on October 2, 2007.

On July 10, 2009, the 2001 Jaguar was destroyed in an automobile accident. State Farm Mutual Insurance Company has agreed to pay $9,916.00 for the loss. Regions has made a demand for the policy proceeds, but the debtor has objected.

## PROCEDURAL HISTORY

1.     On September 2, 2009, the debtor filed the above styled Chapter 11 petition.

2.     On September 29, 2009, the debtor filed its schedules.

3.     On Schedule A - Real Property, the debtor listed four contiguous lots with an office building, one large building and a house. The debtor listed the value of its interest in the property as none with a secured claim of $230,000.00 against the property.

4.     On Schedule B - Personal Property, the debtor listed a Jaquar that was totaled on July 10, 2009 as having a value of $10,000.00 based on an insurance settlement pending upon Regions' release of title.

5.     On Schedule D - Creditors Holding Secured Claims, the debtor listed Regions Bank as having a claim in the amount of $230,0000 secured by the four contiguous lots. Again the debtor

---

[2]     *See* Hutton Affidavit § 6 -7.

listed the value of the lots as $0.00.   The debtor also listed Regions as having an interest in the proceeds from the insurance settlement arising out of the automobile accident, but listed the amount of Region's claim as unknown.

6.      The debtor did not list any other creditors in its schedules. On the List of Creditors Holding 20 Largest Unsecured claims, the debtor only listed Regions Bank.

7.      On the Business Income and Expenses schedules, the debtor listed no future income nor expenses.

8.      On November 21, 2009, Regions filed the subject motion to dismiss.  At the hearing on this matter, the Court took judicial notice of the underlying procedural history of the pending state court action filed by Regions in the Circuit Court of Madison County, Alabama.   Regions having submitted certified copies of the relevant state court pleadings set forth in Region's motion to dismiss, the Court hereby takes judicial notice of same as set forth below in verbatim:

   **B.    Procedural History**

13. On September 14, 2007, the Lender filed a complaint in the Circuit Court of Madison County, Alabama (the "Circuit Court") initiating the Lawsuit against the Debtor, Sheryl Caffey ("Ms. Caffey") and Brett Caffey ("Mr. Caffey; and together with Ms. Caffey, the "Guarantors") and seeking: (1) judicial foreclosure of the Meridian Street Property, and (2) money judgments against the Debtor and the Guarantors (the "Complaint").

14. Additionally, on September 14, 2007, as a separate matter and pursuant to the power of sale contained in the governing mortgage, the Lender noticed the non-judicial foreclosure sale of property located the Whitney Avenue Property in *The Huntsville Times* (the"Initial Foreclosure Notice"). The foreclosure sale on the Whitney Avenue Property was scheduled to take place on October 10, 2007 (the "Initial Foreclosure Sale").

15. On October 10, 2007, moments prior to the commencement of the Initial Foreclosure Sale of the Whitney Avenue Property, the Debtor and the Guarantors filed, as part of the Lawsuit seeking judicial foreclosure of the Meridian Street Property, an Answer, Counterclaim, Motion for Temporary Restraining Order and

Motion for Preliminary Injunction (collectively, the "Response"). The Motion for Temporary Restraining Order and Motion for Preliminary Injunction asked the Circuit Court to restrain and enjoin the Lender from conducting the Initial Foreclosure Sale on the Whitney Avenue Property.

16. On November 9, 2007, the Lender filed a Motion to Dismiss the Counterclaim ("Motion to Dismiss Counterclaim") and a Response to the Motion for Temporary Restraining Order (the "Lender's Response to TRO").

17. On November 16, 2007, the Circuit Court denied the Motion for Temporary Restraining Order and Motion for Preliminary Injunction ("Order Denying TRO").

18. On November 16, 2007, the Circuit Court dismissed the Counterclaim ("Order Dismissing Counterclaim").

19. On December 11, 2007, pursuant to the Circuit Court's Order, the Lender again noticed the non-judicial foreclosure sale of the Whitney Avenue Property in *The Huntsville Times* (the "Second Foreclosure Notice"). The foreclosure sale on the Whitney Avenue Property was scheduled to take place on January 3, 2008 (the "Second Foreclosure Sale").

20. On December 18, 2007 at 12:07 a.m., after the statutory deadline had elapsed set forth in Rule 59(b) of the Alabama Rules of Civil Procedure, Debtor and the Guarantors filed, pursuant to, a Motion to Vacate Judgment and Motion to Allow Counter-Plaintiffs to File Amended Claim ("Motion to Vacate") in a separate case filed by the Lender against the Borrower and the Guarantors that had been previously dismissed without prejudice on September 12, 2007 (CV-2007-200506; the "Dismissed Lawsuit").

21. On December 18, 2007 at 8:16 p.m., as an alternative to the Motion to Vacate that had previously been filed in the Dismissed Lawsuit, the Debtor and Guarantors filed a Motion to Accept the Motion to Vacate as Timely Filed pursuant to Rule 60(b) of the Alabama Rules of Civil Procedure ("Motion to Accept as Timely") in the Lawsuit.

22. On December 28, 2007, forty-two (42) days after entry in the Lawsuit of the Order Denying TRO and Order Dismissing the Counterclaim, both interlocutory orders, the Debtor and Guarantors filed a Notice of Appeal with the Alabama Supreme Court (the "Notice of Appeal").

23. On December 28, 2007, the Debtor and the Guarantors filed an Amendment I to the Motion for Recusal (the "Amendment to Recusal"). This Amended to Recusal was filed despite the fact that a motion for recusal had never filed by Debtors and Guarantors.

24. On December 31, 2007 the Debtor and the Guarantors filed a Motion to Stay the Second Foreclosure Sale on the Whitney Avenue Property (the "First Motion to Stay").

25. On December 31, 2007, the Circuit Court granted the First Motion to Stay the foreclosure sale of the Whitney Avenue Property until disposition of the appeal (the "Order Granting First Motion to Stay").

26. On January 14, 2008, the Lender filed in the Lawsuit its opposition to the Motion to Vacate Judgment ("Opposition to Motion to Vacate Judgment") and its opposition to the Motion to Accept the Motion to Vacate as Timely ("Opposition to Motion to Vacate as Timely").

27. On January 14, 2008, the Lender filed a Motion for Summary Judgment in the Lawsuit (the "Summary Judgment Motion").

28. On February 6, 2008, the Supreme Court of Alabama entered an order directing the Debtor and the Guarantors to respond within seven (7) days as to why the Notice of Appeal filed from the interlocutory orders in the Lawsuit should not be stricken as untimely ("Show Cause Order").

29. On February 11, 2008, the Lender filed with the Supreme Court of Alabama a Motion to Dismiss the Appeal stating that the underlying Order Denying TRO and Order Dismissing Counterclaim were not final judgments pursuant to Ala. R. Civ. P. 54(b) and were untimely pursuant to Ala. R. App. P. 4; that the motion seeking to vacate, alter or amend the trialcourt's order dismissing the Appellants' case was not timely filed; and that the motion seeking Rule 60(b) relief was not due to be granted because the Debtor and the Guarantors failed to meet any of the grounds required for 60(b) relief ("Motion to Dismiss Appeal").

30. On February 14, 2008, the Debtor and the Guarantors requested additional time to respond to the Show Cause Order ("Request for Additional Time").

31. On February 15, 2008, the Supreme Court of Alabama allowed the Debtor and the Guarantors until February 21, 2008 to respond to the Show Cause Order ("Extension of Time for Show Cause Order").

32. On February 22, 2008, one (1) day after the required time to respond as set forth in the Extension of Time for Show Cause Order, the Debtor and the Guarantors filed their Response to the Show Cause Order ("Response to Show Cause").

33. On February 29, 2008, the Lender filed its Reply to the Response to Show Cause Order ("Reply to Response to Show Cause Order").

34. On March 14, 2008, the Debtor and the Guarantors filed their appellate brief with the Supreme Court of Alabama ("Appeal Brief").

35. On March 26, 2008, the Supreme Court entered an order dismissing the Appeal pursuant to Rules 2 and 4 of the Alabama Rules of Appellate Procedure ("Dismissal of Appeal").

36. On April 18, 2008, the Circuit Court entered a Notice that the Lender's Motion for Summary Judgment was now moot ("Notice of Summary Judgment") despite the fact that there remained unresolved issues in the case, specifically regarding the judicial foreclosure of the Meridian Street Property and the Lender's request money judgments against the Debtor and the Guarantors

37. On May 20, 2008, as a result of the disposition of the Appeal, the Lender again noticed the foreclosure sale of the Whitney Avenue Property in *The Huntsville Times* (the "Third Foreclosure Notice"). This foreclosure sale on the Whitney Avenue Property was scheduled to take place on June 13, 2008 (the "Third Foreclosure Sale").

38. On June 12, 2008, the Debtor and the Guarantors filed a Motion to Compel Enforcement of the Stay Order that was entered by the Circuit Court on December 31, 2007 staying foreclosure o the Whitney Avenue Property ("Motion to Enforce Stay").

39. On June 12, 2008, the Circuit Court entered an Order stating that the Order Granting the First Motion to Stay had been lifted with the disposition of the Appeal, but staying the Third Foreclosure Sale and reinstating the Lender's Motion for Summary Judgment for a hearing (the "Order Granting Second Motion to Stay").

40. On July 8, 2008, more than five (5) months after the Lender filed its Motion for Summary Judgment, the Debtor and the Guarantors filed their Opposition to Motion for Summary Judgment ("Opposition to Summary Judgment").

41. On July 8, 2008, the Debtor and the Guarantors also filed a Motion for Enlargement of Time, Motion to Strike, Motion to Vacate and Renewed Motion for Recusal("First Motion to Extend").

42. On August 27, 2008, the Lender filed a Motion to Set Hearing on Motion for Summary Judgment and Any Other Outstanding Motions ("Motion to Set Hearing").

43. On September 11, 2008, the Circuit Court entered in the Lawsuit its Notice of Reassignment of Case to Judge Allwin E. Horn, III in the Circuit Court of Jefferson County ("Notice of Reassignment").

44. On November 11, 2008, the Lender, the Debtor and the Guarantors had a status conference with Judge Horn after which Judge Horn entered an order allowing the Defendant thirty (30) days to respond to the Motion for Summary Judgment and then seven (7) days for the Lender to respond and setting oral argument for January 16, 2009 ("Status Order").

45. On December 12, 2008, the Debtor and the Guarantors filed a motion requesting an extension of time to respond to the Motion for Summary Judgment ("Second Motion to Extend")

46. On December 14, 2008, this Circuit Court entered an order allowing the Debtor and the Guarantors an additional fifteen days to respond ("Order Granting Second Motion to Extend").

47. On December 29, 2008, the Debtor and the Guarantors filed yet another Motion for Extension of Time requesting until January 2, 2009 to file a response to the Motion for Summary Judgment ("Third Motion to Extend").

48. Yet, despite the multiple requests by the Debtor and the Guarantors for additional time to respond to the Motion for Summary Judgment, and despite the Court's generous grant of additional time to facilitate a response, no response was ever filed by the Debtor and the Guarantors.

49. On January 16, 2009, the Circuit Court conducted a hearing on the Lender's Motion for Summary Judgment ("Summary Judgment Hearing").

50. On March 9, 2009, the Circuit Court entered an order granting Summary Judgment in favor of the Lender and jointly and severally against the Debtor and the Guarantors in the amount of $226,291.03, which is comprised of the principal sum of $167,624.59, accrued interest of $19,840.16 and attorneys' fees of $38,826.28, and setting forth the procedures for the judicial foreclosure of the Meridian Street Property and the non-judicial foreclosure of the Whitney Avenue Property, including the Court's right to retain jurisdiction to approve the sale and determine a deficiency, if any (the "Summary Judgment Order").

51. On April 8, 2009, the Debtor and the Guarantors filed a Motion to Vacate Summary Judgment pursuant to Rule 59(e) of the Alabama Rules of Civil Procedure (the "Motion to Vacate Summary Judgment").

52. The Motion to Vacate Summary Judgment was deemed denied on July 8, 2009 pursuant to Rule 59.1 of the Alabama Rules of Civil Procedure since more than ninety (90) days elapsed without a ruling from the Circuit Court.

53. With the denial of the Motion to Vacate Summary Judgment and pursuant to the Summary Judgment Order, the Clerk of Court scheduled the judicial foreclosure sale of the Meridian Street Property (the "Judicial Foreclosure Sale") to occur on September 2, 2009, and commenced publication of the notice for the judicial foreclosure sale in *The Huntsville Times*.

54. On August 12, 2009, the Debtor and Guarantors filed a Motion for Entry of Appealable Order, Motion for Caffey Enterprises, LLC's Real Property Designated in Summary Judgment Order Serve and Surety for Monetary Award and Motion for Stay ("Motion for Appealable Order").

55. On August 20, 2009, the Lender filed its Response in Opposition to the Motion for Appealable Order.

56. On August 24, 2009, the Circuit Court conducted a hearing on the Motion for Appealable Order.

57. On August 28, 2009, the Circuit Court entered an order denying the Motion for Appealable Order ("Order Denying Motion for Appealable Order").

58. On September 1, 2009, the Debtor and the Guarantors filed a Notice of Appeal with the Supreme Court of Alabama ("Second Notice of Appeal"), appealing, *inter alia*, Order Denying Motion for Appealable Order.

59. On September 2, 2009 (the "Petition Date"), moments prior to the commencement of the Judicial Foreclosure Sale, the Debtor filed a voluntary petition for reorganization under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), initiating this Case No. 09-83573 (the "Bankruptcy").

60. On October 22, 2009, a certificate of completion of record for the Second Appeal was filed with the Supreme Court of Alabama.

61. As of the date of this filing, no appellate briefs have been filed.

## CONCLUSIONS OF LAW

Section § 1112(b) of the Bankruptcy Code provides that "on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interest of creditors and the

estate, the court shall . . .  dismiss a case under this chapter . . . if the movant establishes cause."[3]

Section 305 of the Bankruptcy Code further provides that the Court may dismiss a case under this

title at any time if (1)  the interest of creditors and the debtor would be better served by such

dismissal or suspension[.]

In *In re Albany Parnters, Ltd.,* 749 F.2d 670, 674 (11th Cir. 1984), the Eleventh explained

that "the determination of cause under § 1112(b) is 'subject to judicial discretion under the

circumstances of each case.'"  Although the Bankruptcy Code "does not expressly condition the

right to file or maintain a proceeding on the 'good faith' of the debtor," the Eleventh Circuit

explained that  dismissal of a petition for lack of good faith is appropriate under § 1112(b)

"[p]articularly when . . . it is evident that the debtor seeks merely to delay or frustrate the legitimate

efforts of secured creditors to enforce their rights . . ."[4]

The Eleventh Circuit in *In re Phoenix Piccadilly*, *Ltd.*, 849 F.2d 1393 (11th Cir. 1988),

identified six factors that courts should consider in determining whether a debtor has filed a petition

in bad faith.  The *Piccadilly* factors include:

(1) the debtor has only one asset, the property at issue;

(2) the debtor has few unsecured creditors whose claims are relatively small
compared to the claims of the secured creditors;

(3) the debtor has few employees;

(4) the property is subject to a foreclosure action as a result of arrearage on the debt;

---

[3]     11 U.S.C. § 1112(b)(1).

[4]     *In re Albany Parnters, Ltd.,* 749 F.2d 670, 674 (11th Cir. 1984).

(5) the debtor's financial problems essentially are a dispute between the debtor and the secured creditors which can be resolved in the pending state court action; and

(6) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights.

In the instant case, the Court finds that the debtor's bankruptcy filing clearly constitutes bad faith under the *Piccadilly* factors. The debtor's only assets, four contiguous lots and an insurance claim, serve as collateral for the only creditor in this case, Regions Bank. As Regions is the only creditor listed in this case and the debtor has no other unsecured debts, this entire case is clearly a two party dispute between Regions and the debtor. While Sherryl Caffey, Esq. ("Caffey"), testified at the hearing that her law firm may be owed a debt by the debtor and, thus, suggested that this case involves more than a two party dispute, the Court notes that Caffey is both a lawyer in the law firm and one of the principals of the debtor. These parties have been involved in litigation since September 14, 2007 when Regions filed a complaint in the Circuit Court of Madison County, Alabama against the debtor and the principals of the company as guarantors seeking judicial foreclosure against the Meridian Street property and money judgments against the defendants. At the same time, Regions noticed the non-judicial foreclosure sale of the Whitney Avenue property. After the Circuit Court denied the debtor's motion for temporary restraining order, the debtor filed a Notice of Appeal with the Alabama Supreme Court and the parties have been involved in litigation in state court ever since.

In September of 2008, the case was reassigned to the Circuit Court of Jefferson County, Judge Allwin E. Horn, III. On January 16, 2009, the Circuit Court held a hearing on Regions' motion for summary judgment. On March 9, 2009, the Circuit Court entered summary judgment

in favor of Regions in the amount of $226,291.03 including attorneys' fees of $38,826.28 and setting forth the procedures for the judicial foreclosure of the Meridian Street property and the non-judicial foreclosure of the Whitney Avenue Property, including the court's right to retain jurisdiction over the matter to determine a deficiency, if any. On September 1, 2009, the debtor filed a Notice of Appeal after the Circuit Court denied debtor's motion for appealable order. This appeal has since been dismissed by the Alabama Supreme Court. During the interim on September 2, 2009, the debtor filed the above styled petition, apparently moments before the judicial foreclosure sale of the Meridian Street property which the Clerk of the Circuit Court had scheduled for that date.

After reviewing the procedural history of this case and the testimony of the debtor's principal, the Court finds that this case constitutes the most blatant attempt at forum shopping ever seen in this Court. At the hearing on the motion to dismiss, Caffey when asked why she wanted to re-litigate all the matters heretofore litigated in the state court proceeding stated that she had more confidence in the federal courts than the state courts. Caffey's testimony constitutes a blatant admission of forum shopping as it appears that the debtor did not like the result it received in the Circuit Court and filed the above styled bankruptcy case to receive a "fresh start" in this Court. While one of the primary and fundamental purposes of bankruptcy has always been to provide debtor's with a fresh start, such blatant forum shopping is not the type of fresh start envisioned by the Bankruptcy Code nor Congress. This Court cannot and will not tolerate the debtor's ill conceived attempt to gain a redo in bankruptcy.

Caffey further testified at the hearing that the debtor seeks to have this Court determine the correct amount owed Regions, but it is apparent from the procedural history of this case that the Circuit Court has determined the amount owed Regions in the March 9, 2009 judgment entered in

favor of Regions in the amount of $226,291.03. The judgment was comprised of the principal sum of $167,624.59, accrued interest of $19,840.165 and attorneys' fees of $38,826.28.   If the debtor was not satisfied with the judgment, the debtor's remedy was to appeal the order which the debtor apparently did.   Not being happy with that result, the debtor now seeks additional relief from this Court.   Seeking another bite at the apple in bankruptcy court will not, however, be tolerated.

It is apparent that the debtor's financial problems involve a dispute between the debtor and a secured creditor which can be fully resolved in the underlying state court action.   It is further apparent that the timing of the debtor's filing evidences the debtor's intent to delay or frustrate the legitimate efforts of the debtor's secured creditor to enforce its rights in state court in an action that has been pending since September of 2007.

Based upon the forgoing, the Court finds that Region's motion to dismiss is due to be granted both pursuant to §§ 1112(b) and 305 of the Bankruptcy Code.   The debtor's case was clearly filed in bad faith to impair Regions' pending foreclosure proceedings.  If the debtor files another petition in this Court, the petition will not be accepted for filing unless it is approved for filing after judicial review of same to determine if any new circumstances would justify the filing.   In the event the debtor files a new petition and the Court determines that same has been filed in bad faith, the parties responsible for filing the petition would be subject to sanctions.

**DONE and ORDERED** this date: December 23, 2009.

/s/   Jack Caddell
Jack Caddell
United  States  Bankruptcy  Judge

xc:      Debtor(s)
         Sherryl Caffey
         Michael Lee, attorney for debtor(s)
         Casey Graves Moore, attorney for creditor
         Kevin Gray, attorney for creditor
         Richard Blythe, bankruptcy administrator